**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:07-cv-795-T-30MAP
  Criminal No: 8:05-cr-258-T-30MAP

GUILLERMO JIMINEZ

## ORDER

Before the Court is pro se Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (2000) filed on May 8, 2007 (Dkt. #1). Upon the facts of the case and prior criminal proceedings, the Court concludes that the motion is time barred. Therefore the motion is summarily denied without an evidentiary hearing because it plainly appears from the face of the motion that Petitioner is entitled to no relief.

**I.   Background**

Petitioner, Guillermo Jiminez (hereinafter referred to as Petitioner or Jiminez), pled guilty to two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii). (Dkt. #72).

On December 19, 2005, the Court sentenced Petitioner on both counts according to the criteria set forth in 18 U.S.C. § § 3553(a)(1)-(7). The Court sentenced Petitioner to two concurrent terms of 168 months imprisonment followed by a five year term of supervised

release.

Jiminez did not file a direct appeal. Judgment then became final on December 29, 2005. On May 8, 2007, Petitioner filed this Motion to Correct the Sentence pursuant to 28 U.S.C. §2255 (2000).

**II.    Discussion**

Usually, a prisoner has one year from the date on which the conviction becomes final within which to file a motion asking the court to vacate, set aside, or correct the sentence. 28 U.S.C. §2255 (2000). Because Petitioner's sentence was finalized on December 29, 2005, he had until December 29, 2006, to file his motion to vacate before the expiration of the one year time period. On March 20, 2007, almost three months after his one year filing period expired, Petitioner filed a motion requesting permission to appeal his sentence or file a motion to vacate his sentence pursuant to 28 U.S.C. §2255 (2000). (CR Dkt. #124). On March 28, 2007, this Court granted permission to file the §2255 petition conditioned upon a showing of good cause and actual prejudice for Petitioner's delay (CR Dkt. #125).

Petitioner filed this §2255 motion on May 8, 2007. To avoid an automatic denial of the Motion as time barred, Petitioner requests an equitable tolling of the one year period of limitation. He argues that his difficulty with English is an extraordinary circumstance that made it impossible to file within one year.

Equitable tolling allows a movant to file a motion to vacate beyond the one year deadline. To be entitled to an equitable tolling, a movant must demonstrate (1) a diligent effort to meet the deadline and (2) extraordinary circumstances beyond movant's control

which prevent him from doing so. Diaz v. Sec. for Dep't of Corr., 372 F. 3d 698, 702 (11th Cir. 2004). The burden of proof is on the movant to prove both elements of equitable tolling. Jones v. U.S., 304 F.3d 1035, 1040 (11th Cir. 2002)

Petitioner Jiminez has not met his burden in establishing entitlement to equitable tolling of the limitation provisions of 28 U.S.C. §2255. Language barriers are not extraordinary circumstances that justify equitable tolling. U.S. v. Montano, 398 F.3d 1276,1280 (11th Cir. 2004). Likewise, the difficulties that flow from not knowing the language of the federal court system are foreseeable and may be overcome with diligent preparation. Petitioner had an entire year to file the motion to vacate. Nothing in the record demonstrates that Petitioner was diligent in seeking relief. Further, the fact that Petitioner is unlearned in the law or unfamiliar with filing requirements does not excuse his delay. Tower v. Philips, 7 F.3d 206, 211 (11th Cir. 1993). Petitioner is not entitled to an equitable tolling because he has not shown that, despite diligent effort, extraordinary circumstances have prevented a timely filing of the 28 U.S.C. §2255 (2000) motion.

### III.    Conclusion

For the foregoing reasons, the Court finds that the motion is time barred by the one-year limitation under 28 U.S.C. §2255 (2000). Because "it plainly appears from the face of the motion... and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal. See Rule 4(b), Rules Governing Section §2255 Proceedings for the United States District Courts (2004).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Dkt. #1) is **DISMISSED.**

2. The **Clerk** is directed to terminate any pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#128, in the underlying criminal case, case number 8:05-cr-258-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

F:\Docs\2005\05-cr-258.deny 2255.wpd